| | |
|---|---|
| ROC F. SANSOTTA, Trustee and Executor for the Estate of Father Joseph Klaus, et al., ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | **ORDER** |
| TOWN OF NAGS HEAD, ) ) | |
| Defendant. ) | |

Plaintiffs have sued the Town of Nags Head ("Town" or "defendant") and essentially contend that the Town of Nags Head is improperly seeking to coerce plaintiffs into relinquishing their property rights in their beach cottages without paying just compensation. The Town disagrees and asserts four counterclaims.

On January 14, 2011, the Town filed a motion to dismiss certain claims in plaintiffs' second amended complaint [D.E. 48]. On January 26, 2011, plaintiffs filed a motion to amend their amended complaint to correct a scrivener's error in second amended complaint [D.E. 51]. On January 28, 2011, the Town responded in opposition to the motion to amend [D.E. 53]. On January 31, 2011, plaintiffs responded in opposition to the Town's motion to dismiss [D.E. 55]. On February 22, 2011, plaintiffs moved to strike portions of the Town's February 17, 2011 reply brief [D.E. 59]. On February 22, 2011, the Town responded in opposition to the motion to strike [D.E. 60].

As explained below, the Town's motion to dismiss [D.E. 48], plaintiffs' motion to amend [D.E. 51], and plaintiffs' motion to strike [D.E. 59] are denied.

I.

The Town seeks to dismiss certain claims in plaintiffs' second amended complaint and argues that plaintiffs have failed to state a claim upon which relief can be granted. The court has considered the motion to dismiss under the governing standard. See, e.g., Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 563 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 2011 WL 500227 (U.S. June 27, 2011) (No. 10-1016); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006). The Town's motion to dismiss is denied.

As for plaintiffs' motion to amend/correct the amended complaint to correct a scrivener's error in second amended complaint ("motion to amend"), plaintiffs seek to add an allegation in their seventh, eighth, and ninth claims that no adequate state remedies exist. In support, plaintiffs explain the information that they failed to include in the second amended complaint and cite Federal Rule of Civil Procedure 15(a)(2). See Pls.' Mem. Supp. Mot. Leave Am. 4–6. In opposition, the Town argues that Rule 16's "good cause" standard governs the motion to amend and that plaintiffs have failed to meet the good cause standard. See Def.'s Mem. Opp'n Mot. Am. 4–6. The Town also contends that the proposed amended complaint would be prejudicial. See id. at 6–7.

Provided certain time requirements are met, a party may amend a pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). Additional amendments are allowed only with the permission of the opposing party or with leave of court, and such leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a party files a motion to amend "after the deadlines provided by a scheduling order have passed, [Rule 16(b)'s] good cause standard must be

2

satisfied to justify leave to amend the pleadings." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). Here, the original scheduling order required that motions "to amend pleadings . . . be made promptly after the information giving rise to the motion becomes known to the party or counsel. Any such motion filed after October 29, 2010, must meet the standards of Fed. R. Civ. P. 15 and 16." [D.E. 32] at 2. Therefore, any motion to amend filed after October 29, 2010, had to meet Rule 16(b)'s good cause standard.

"Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." Montgomery v. Anne Arundel County, 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam) (unpublished). Good cause exists when a party's reasonable diligence before the expiration of the amendment deadline would not have resulted in the discovery of the evidence supporting a proposed amendment. United States v. Godwin, 247 F.R.D. 503, 506 (E.D.N.C. 2007). The burden to demonstrate good cause is on the moving party. Id. Prejudice, futility, and bad faith are "Rule 15(a) consideration[s]," and the court should not consider them unless the movant meets its initial burden of demonstrating "good cause" under Rule 16(b). Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F. Supp. 2d 778, 784–85 (E.D.N.C. 2011) (quoting Nourison Rug Corp., 535 F.3d at 299).

Here, plaintiffs have failed to demonstrate good cause for waiting until January 26, 2011, to seek leave to file their third amended complaint. Cf. Nourison Rug Corp., 535 F.3d at 298–99; Godwin, 247 F.R.D. at 505–08. If plaintiffs had been reasonably diligent, they would have included the proposed language in the second amended complaint. Plaintiffs' explanation for their failure to include the proposed language in counts seven, eight, and nine in the proposed third amended

complaint falls "short of what is required to satisfy the good cause standard." Nourison Rug Corp., 535 F.3d at 298; Godwin, 247 F.R.D. at 505–08. Therefore, plaintiffs' motion for leave to file a third amended complaint is denied.

Finally, the court has considered plaintiffs' motion to strike portions of the Town's reply brief [D.E. 59]. The motion to strike is denied.

II.

For the reasons discussed above, defendant's motion to dismiss [D.E. 48], plaintiffs' motion to amend/correct scrivener's error in second amended complaint [D.E. 51], and plaintiffs' motion to strike [D.E. 59] are DENIED.

SO ORDERED. This 5 day of August 2011.

JAMES C. DEVER III
United States District Judge